UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:20-CV-12304-WGY

| |  |
|---|---|
| YADIEL ISABEL PENA, PPA YACAIRA PENA, AND YACAIRA PENA,<br>                     Plaintiff,<br>V.<br>JENNIFER BENTWOOD, M.D.,<br>CATHERINE MYGATT, M.D.,<br>JACQUELINE PAPACHRISTON, R.N.,<br>CHERYL BRITT, R.N.,<br>JENNIFER FARMER, R.N.,<br>PATRICIA LANE, R.N.,<br>DAWN BELLORADO, R.N., AND<br>UNITED STATES OF AMERICA,<br>                     Defendants. | |

## **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S' MOTION TO DISMISS**

NOW COME the plaintiffs, Yadiel Isabel Pena, PPA Yacaira Pena, and Yacaira Pena, through their attorneys, and hereby respectfully request that this Honorable Court **DENY** the United States of America's Motion to Dismiss on the grounds that the plaintiffs timely and appropriately presented their administrative claim pursuant to 28 U.S.C. § 2679(a) of the Federal Torts Claims Act (FTCA) as the recitation of facts below warrant application of the Discovery Rule and equitable tolling of the statute of limitations for claims brought under the FTCA. For all of these reasons, the motion to dismiss the complaint filed by the United States of America should now be **DENIED**.

    I.   **RELEVANT FACTS AND PROCEDURAL BACKGROUND**

The plaintiff, Yacaira Pena, filed this medical malpractice case on behalf of herself and her minor son, Yadiel Isabel Pena, on December 31, 2020. See **Exhibit A,** Docket; **Exhibit B,**

**Complaint**. The facts set forth in the plaintiffs' complaint allege *inter alia,* that Yadiel Isabel Pena, a minor child, (hereinafter, "Yadiel") was caused to sustain severe and permanent personal injuries, specifically spastic quadriplegic cerebral palsy requiring the use of a walker, global developmental delays including the inability to speak, insulin dependent diabetes mellitus (IDDM), and gastroesophageal reflux disease (GERD), as a result of the negligent care and treatment rendered to him and his mother, Yacaira Pena (hereinafter, "Ms. Pena") by the defendants, Jennifer Bentwood, M.D., Catherine Mygatt, M.D., Jacqueline Papachriston, R.N., Cheryl Britt, R.N., Jennifer Farmer, R.N., Patricia Lane, R.N., Dawn Bellorado, R.N. and the United States of America (hereinafter, "the defendants"), as the appropriate defendant named in place of Greater Lawrence Family Health Center, which is a federally funded health clinic. See **Exhibit B.** Further, the complaint specifically avers that the plaintiffs did not know or discover, nor could they have reasonably discovered in the exercise of reasonable diligence, the defendants' malpractice -- including that of Drs. Bentwood and Mygatt, the defendants at issue in the instant motion --until after 12/7/18, which is less than two years from the presentment of the plaintiffs' administrative tort claim on 4/15/20. Id.

Specifically, the claims for medical malpractice in this matter are related to Ms. Pena's medical care and treatment during the birth of her son, Yadiel, at Lawrence General Hospital (hereinafter, "LGH"). On 3/11/14, Ms. Pena was advised by her prenatal treaters that she was in early labor. Following the spontaneous rupture of her membranes, she presented to LGH and was admitted for contractions. From approximately 12:04 p.m. at 3/11/14, the time of Ms. Pena's admission, to 1:48 a.m. on 3/12/14, the time of Yadiel's birth, Ms. Pena received care and treatment from the defendants. Specifically, by 7:30 p.m. on 3/11/14, Ms. Pena's fetal heart monitor tracings were difficult to interpret via the external fetal heart monitor and the standard of

2

care required the defendants to place a fetal scalp electrode (FSE) to better visualize the fetal heart rate. Instead, a FSE was not placed for several hours until approximately 1:12 a.m. Following the placement of the FSE, there were persistent fetal heart rate decelerations and signs of fetal distress. At 1:38 a.m., Ms. Pena was brought into the operating room and prepared for a cesarean section. Her baby boy, Yadiel, was delivered at 1:48 a.m. Following his birth, Yadiel was subsequently transferred to Tufts Medical Center where he was eventually diagnosed with hypoxic ischemic injury.

Importantly, at no time during Ms. Pena's admission did any of her providers at LGH inform her that her baby's heart rate was decelerating or that her baby was in distress. See **Exhibit C,** Affidavit of Yacaira Pena. Furthermore, at no time following the birth of Yadiel did any of his providers at LGH or subsequently at Tufts Medical Center and Boston Children's Hospital inform Ms. Pena that Yadiel's injuries were caused by the lack of oxygen or blood flow to his brain during labor and delivery. Id. In fact, following Yadiel's birth and subsequent diagnoses of injuries, Ms. Pena reasonably believed that her son's injuries were caused by natural and unavoidable causes. Id.

On December 4, 2018, unbeknownst to Ms. Pena, her friend contacted Sokolove Law on her behalf. Id. Sokolove Law referred Ms. Pena's friend to Lubin & Meyer, P.C. and, subsequently, on December 7, 2018, Ms. Pena had her initial intake meeting with attorneys at Lubin & Meyer, P.C. and was informed, for the very first time, that there was a potential medical malpractice claim involving her care and treatment at LGH in March of 2014 that resulted in her son's permanent and severe injuries. Id. Prior to this first meeting with Lubin & Meyer, P.C., Ms. Pena had no knowledge that there was medical malpractice involved in the birth of her son or that her son's injuries were anything other than the result of unavoidable, natural causes. Id.

3

Following their initial meeting with Ms. Pena, her attorneys diligently evaluated the potential medical malpractice claims, requested medical records, obtained support from multiple expert witnesses, discovered the potential federal status of the defendants involved in the matter, and timely and appropriately presented the plaintiffs' administrative claim pursuant to 28 U.S.C. § 2679(a) of the Federal Torts Claims Act (FTCA) on April 15, 2020, less than two years from the date of Ms. Pena's first discovery that her son's injuries may have been the result of the defendants' conduct, i.e., discovery of a cause of action..

On or around November 20, 2020, the plaintiffs, through their counsel, received a denial from the U.S. Department of Health and Human Services in response to their filing of the administrative tort claim under the FTCA. On December 31, 2020, the plaintiffs filed their complaint in United States District Court and, shortly thereafter, served the Summons and a copy of the plaintiff's complaint to the defendants, including Dr. Brentwood and Dr. Mygatt. See **Exhibit A.** On March 25, 2021, the plaintiffs filed affidavits of successful service of process to Dr. Brentwood and Dr. Mygatt via the long arm statute. Id. On April 5, 2021, the government contacted the plaintiffs' counsel by e-mail and requested an extension of time for the government to determine whether or not Dr. Brentwood and Dr. Mygatt were federal employees at the time of the alleged negligence. Accordingly, the plaintiffs' counsel granted the government an additional 45 days until May 17, 2021 to respond to the plaintiffs' complaint.

On May 17, 2021, the United States of America filed this instant Motion to Dismiss, alleging that the plaintiffs' claims against Dr. Brentwood and Dr. Mygatt are now time-barred.

I. **STANDARD OF REVIEW**

There is a preference for resolution of claims on their merits. Tuckerbrook Alternative Investments, LP v. Banerjee, 754 F. Supp. 2d 177, 180 (D. Mass. 2010) citing Am. Metals Serv.

Exp. Co. v. Ahrens Aircraft, Inc., 666 F.2d 718, 720 (1st Cir.1989). In adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996); Heinrich v. Sweet, 44 F.Supp.2d 408, 415 (D. Mass. 1999). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure should succeed only when "the facts alleged in the complaint, taken as true, do not justify the exercise of subject matter jurisdiction...." In line with the foregoing, [the court must] glean the relevant background information from the plaintiffs' ... complaint, accepting the well-pleaded factual averments contained therein and indulging all reasonable inferences in the plaintiffs' favor." Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003)(citations omitted.).

The FTCA requires that a tort claim against the United States be presented in writing to the appropriate federal agency within two years ***after such claim accrues.*** 28 U.S.C. § 2401(b) (emphasis supplied). The "Discovery Rule" stands for the proposition that a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis for the cause of action. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). The time bars of the Federal Tort Claims Act (FTCA) are non-jurisdictional and subject to equitable tolling. United States v. Kwai Fun Wong, 575 U.S. 402 (2015). Therefore, dismissal should not be determined under a motion to dismiss for lack of subject matter jurisdiction, but rather should be decided under a motion to dismiss for failure to state a claim. Duke v. Cmty. Health Connections, Inc., 355 F. Supp. 3d 49 (D. Mass. 2019). When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the

plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). A court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, (2007).

II. ARGUMENT

    a. **THE PLAINTIFFS' ADMINISTRATIVE CLAIM WAS TIMELY AND APPOPRIATELY FILED PURSUANT TO THE DISCOVERY RULE.**

The well-established "Discovery Rule" stands for the proposition that a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis for the cause of action. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). Importantly, the First Circuit has routinely held in factually similar, medical malpractice cases that ***the tort claim accrued at the time the plaintiff first retained counsel to investigate a malpractice claim***. Sanchez v. United States, 740 F.3d 47, 53 (1st Cir. 2014); Gonzalez v. United States, 284 F.3d 281, 290 (1st Cir. 2002); Ramirez-Carlo v. United States, 496 F.3d 41 (1st Cir. 2007)(holding that the plaintiff's statute of limitations clock was triggered when he hired a lawyer to prosecute his claim against the VA); Kay v. Johnson & Johnson, 722 F.Supp. 874, 881 (D.Mass.1989), aff'd 902 F.2d 1 (1st Cir.1990)(holding that a plaintiff's claim for injuries arising out of her use of oral contraceptives accrued when the plaintiff consulted her first lawyer, who evaluated and investigated the potential claim).

Specifically, in Gonzalez, the plaintiff, much like Ms. Pena in this matter, was the mother of a child who was injured during childbirth. The First Circuit held that the plaintiff's claim accrued **when she first met with her legal counsel following the birth of her daughter**. Gonzalez, 284 F.3d 281. In Gonzalez, the plaintiff also filed a medical malpractice case against

6

medical providers at LGH after her daughter was born with severe injuries caused by hypoxic-ischemic encephalopathy, or lack of oxygen to the brain, during labor and delivery. Id. The plaintiff consulted an attorney many months after her baby was born and the First Circuit held that the statute of limitations was tolled by the discovery rule until this initial meeting with her attorneys. Id. Similarly, in Sanchez, the plaintiff was the husband of the decedent who passed away during childbirth. Sanchez, 740 F.3d 47. The First Circuit in its decision upheld its prior ruling in Gonzalez and found that the plaintiff's claim accrued when he first retained legal counsel to investigate a malpractice claim, almost a year after his wife's death. Id. at 52-53[1]

Here, Ms. Pena first met with her attorneys on December 7, 2018. See **Exhibit C.** At this meeting, she learned for the very first time that there was a potential medical malpractice claim involving her care and treatment at LGH and the subsequent injuries suffered by her son, Yadiel. Id. Thereafter, the plaintiffs' administrative claim was timely presented to the appropriate federal agency on April 15, 2020, **less than two years after she first met with legal counsel and discovered she may have a cause of action**. Furthermore, the plaintiffs' Complaint specifically pled that they did not know or discover, nor could they have reasonably discovered in the exercise of reasonable diligence, the factual basis for any claim or the defendants' malpractice until on or after December 7, 2018. See **Exhibit B.**

Additionally, the plaintiffs' administrative claim was properly presented with an appropriate demand for money damages to initiate a tort claim against the United States. It is "bureaucratic overkill" to throw out an otherwise properly presented administrative claim for the

---

[1] Unfortunately for the plaintiffs in both Sanchez and Gonzalez, their claims were not filed in court for 26 months and 30 months, respectively, after their first meeting with their lawyers. For this reason, their claims were ultimately deemed untimely and dismissed. However, the First Circuit held that had the plaintiffs filed within two years of their first meeting with legal counsel, their claims would have been timely filed.

plaintiff's failure to specify a sum certain *with absolute clarity*.  See Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir. 1991).  In Corte-Real, the plaintiff, much like Yadiel in this case, had sustained personal injuries that required ongoing medical care and treatment and the Court held that his statement of the dollar amount of his claim as "$100,000 plus because still treating and out of work" was sufficient to satisfy the "sum certain" requirement of the FTCA.  Id. at 486.

Indeed, the First Circuit has historically approached the notice requirement of the FTCA leniently, "recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims." Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 19 (1st Cir. 1993); quoting Lopez v. United States, 758 F.2d 806, 809 (1st Cir. 1985).  "A flexible approach to the notice requirement is in keeping with the original purpose behind the filing of an administrative claim: that of allowing the efficient investigation of a claim by the agency without sacrificing the entitlement of a claimant to his or her cause of action against the government…[T]he emphasis is on the agency's receipt of information: it must have enough information that it may reasonably begin an investigation of the claim." Santiago-Ramirez at 19. Here, following the plaintiffs' presentation of their administrative claim, they provided medical records to the U.S. Department of Health and Human Services to allow the federal agency to investigate the claim.  When the government's investigatory needs are satisfied, as they were in the instant matter, the plaintiff's civil action should be considered appropriately presented pursuant to 28 U.S.C. § 2679(a) of the FTCA.

> b. **THE FTCA'S STATUTE OF LIMITATIONS SHOULD BE EQUITABLY TOLLED FOR MINORITY AND DISABILITY OF THE MINOR, COGNITIVELY IMPAIRED PLAINTIFF.**

Even if, *arguendo,* Ms. Pena's action for her personal injury claims were to be deemed untimely, this Court should equitably toll the statute of limitations for her son, Yadiel, due to his minority and/or disability. Unlike Massachusetts tort claims, for which the statute of limitations governing tort actions are tolled for disability and minority, the FTCA does not explicitly include, nor does it exclude, such tolling provisions. See 28 U.S.C. §§ 2401(b). Moreover, the issue appears to be one of first impression in the First Circuit. Accordingly, it is helpful to consider how the state courts in Massachusetts have handled this issue.

In Massachusetts, a medical malpractice action generally shall be commenced within three years of its accrual. See M.G.L. c. 260 § 4. However, "if the person entitled thereto is a minor, or is incapacitated by reason of mental illness when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed." See M.G.L. c. 260 § 7. Whether a person is so mentally incapacitated as to toll the statute of limitations is a question of fact. See Riley v. Presnell, 409 Mass. 239 (1991).

Here, it is undisputed that Yadiel is a minor plaintiff below the age of 18. Moreover, Yadiel has suffered devastating and severe personal injuries, which effectively render him disabled. It is inconceivable that this minor, cognitively impaired child could have discovered his cause of action and the interests of justice warrant that the presentment requirement and the statute of limitations be equitably tolled and this Court should permit Yadiel, as a disabled minor plaintiff, to properly pursue his claims.

### III. CONCLUSION

For the foregoing reasons and in the interests of justice, the plaintiffs, Yadiel Isabel Pena, PPA Yacaira Pena, and Yacaira Pena, respectfully request that this Honorable Court **DENY** the United States of America's Motion to Dismiss.

Respectfully submitted,
The plaintiffs,
By their attorneys,

*/s/ Adam R. Satin*

_____
Adam R. Satin BBO# 633069
Lynn I. Hu BBO# 690823
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, Massachusetts 02108
(617) 720-4447

**REQUEST FOR ORAL ARGUMENT**

In accordance with Local Rule 7.1(d), the plaintiffs request an oral argument for this matter.

/s/ Adam R. Satin

**CERTIFICATE OF SERVICE**

I, Adam R. Satin, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies sent to those indicated as non-registered participants on June 1, 2021.

/s/ Adam R. Satin