# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

YADIEL ISABEL PENA, PPA YACAIRA
PENA, and YACAIRA PENA,
    *Plaintiffs*,

v.

JACQUELINE PAPACHRISTON, R.N.,
CHERYL BRITT, R.N.,
JENNIFER FARMER, R.N.,
PATRICIA LANE, R.N.,
DAWN BELLORADO, R.N., and
UNITED STATES OF AMERICA,
    *Defendants*.

CIVIL ACTION NO.:

1:20-cv-12304-WGY

**MEMORANDUM OF THE DEFENDANTS,
JACQUELINE PAPACHRISTON, R.N., CHERYL BRITT, R.N., JENNIFER FARMER,
R.N., PATRICIA LANE, R.N., AND DAWN BELLORADO, R.N.,
IN SUPPORT OF MOTION TO REFER ACTION TO SUPERIOR COURT FOR
MEDICAL MALPRACTICE TRIBUNAL PURSUANT TO M.G.L. c. 231, § 60B**

Now come the Defendants in the above-referenced matter, Jacqueline Papachriston, R.N., Cheryl Britt, R.N., Jennifer Farmer, R.N., Patricia Lane, R.N., and Dawn Bellorado, R.N. (hereinafter the "Nurse Defendants"), and hereby respectfully submit this Memorandum in Support of their Motion for an Order referring the instant action to the Essex County Superior Court of the Commonwealth of Massachusetts so that a Medical Malpractice Tribunal may be convened, in compliance with M.G.L. c. 231, § 60B, to determine the sufficiency of the Plaintiff's claims. In support of this motion, the Defendants submit:

This is a medical malpractice action arising out of alleged injuries and/or complications sustained by the minor Plaintiff, Yadiel Isabel Pena. The Plaintiff, Yacaira Pena, is the minor Plaintiff's mother and next friend and initiated this action alleging that the Nurse Defendants were

all negligent in their respective roles in providing care and treatment during the birth of her minor son between March 11, 2014 and March 12, 2014.

The Plaintiffs initiated this action in the Federal District Court of Massachusetts, based on the claim that Defendants Jennifer Bentwood, M.D. and Defendant Catherine Mygatt, M.D. were employees of Greater Lawrence Family Health Center, which the Department of Health and Human Services has deemed eligible for protection under the Federal Tort Claims Act, 42 U.S.C. § 233.  Accordingly, the Complaint asserts that the District Court has original jurisdiction over the claims against the United States of America pursuant to 28 U.S.C. § 1346 (b).  As the Nurse Defendants were not employed by Greater Lawrence Family Health Center, however, the District Court does not have original jurisdiction, but only exercises supplemental jurisdiction over Plaintiff's state law medical malpractice claims against the Nurse Defendants.

Indeed, Plaintiff's claims against the Nurse Defendants are all based upon state law.  More precisely, the Nurse Defendants are all licensed registered nurses and health care providers within the meaning of M.G.L. c. 231, § 60B. At all times, the Nurse Defendants practiced nursing care in Lawrence, County of Essex, Massachusetts.  Massachusetts state law provides that every claim of medical malpractice shall be heard by a tribunal to determine whether the plaintiff's evidence, if properly substantiated, would be sufficient to raise a legitimate question of liability appropriate for judicial inquiry:

> Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth under the provisions of section two of chapter one hundred and twelve and an attorney authorized to practice law in the commonwealth, at which hearing the plaintiff ***shall present an offer of proof*** and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate result. M.G.L. C. 231, § 60B.

The tribunal is charged with screening cases involving medical negligence; those plaintiffs who are unable to meet the burden of proof at the tribunal stage are required to post a monetary bond, held against defense costs and payable to the defendants in the event that the plaintiff does not prevail.  Id.  The language of the statute is compulsory "***Every* action for malpractice** ... **shall be heard by a tribunal**."  Id.  Plaintiffs' claims against the Nurse Defendants are allegations of "malpractice, error or mistake" well within the meaning of the statute; thus, this action falls within the purview of the Medical Malpractice Tribunal.  Specifically, the Plaintiffs claim that:

> This is a complaint for damages arising from substandard medical care rendered to Yacaira Pena during the birth of her son, Yadiel Isabel Pena by Jennifer Bentwood, M.D., Catherine Mygatt, M.D., Jacqueline Papachriston, R.N., Cheryl Britt, R.N., Jennifer Farmer, R.N., Patricia Lane, R.N., Dawn Bellorado, R.N., and the United States of America.  *See* Complaint, ¶ 11.

Based on the fact that jurisdiction over claims against the Nurse Defendants is only premised upon the District Court's supplemental jurisdiction under 28 U.S.C. § 1367, they must be afforded the same opportunities and safeguards that would otherwise be available in Massachusetts state courts, including a medical malpractice tribunal.  As the First Circuit providently ruled, federal district courts ***are required*** to refer medical malpractice actions "arising under Massachusetts law to a medical malpractice tribunal convened pursuant to Mass.Gen.Laws ch. 231, § 60B."  Feinstein v. Massachusetts Gen. Hosp., 643 F. 2d 880, 883 (1st Cir. 1981).  Further, the First Circuit has held that:

> The district court must dismiss the action when, after hearing, the tribunal determines that the plaintiff's evidence is insufficient to raise a legitimate claim of liability and the plaintiff fails to file a bond within thirty days as required by section 60B.  Feinstein, 643 F. 2d, at 883.

The requirement that federal district courts transfer medical malpractice cases initiated under Massachusetts Law to the Superior Court for a malpractice tribunal is especially "appropriate when such claims are in federal court pursuant to either diversity or supplemental

3

jurisdiction." Wittkowski v. Spencer, 249 F. Supp. 3d 582, 584 (D. Mass. 2017), *citing* Feinstein, 643 F. 2d, at 883; Turner v. Sullivan, 937 F.Supp. 79, 80 (D. Mass. 1996) ("finding that medical malpractice claims under Massachusetts law that are in federal court under supplemental subject matter jurisdiction ***must be referred*** to a medical malpractice tribunal").

The Massachusetts Superior Court Rules establish a uniform schedule that must be followed by all parties with respect to convening a medical malpractice tribunal. *See* Mass. Super. Ct. R. 73. Superior Court Rule 73 applies to all civil actions subject to M.G.L. c. 231, § 60B, such as the instant action, and requires that a plaintiff alleging malpractice file an offer of proof within 15 days of service of each defendant's answer. *See* Mass. Super. Ct. R. 73 (l)(a). Once the offer of proof is filed, the defendant is entitled to a medical malpractice tribunal hearing as of right, provided that a demand is submitted within 30 days of the answer. *See* Mass. Super. Ct. R. 73 (l)(a).

Unlike the Superior Court, Federal District Court Rules do not require plaintiffs to submit an Offer of Proof following a defendant's answer in a medical malpractice action. However, the Superior Court Rules provide an alternative procedure to address cases referred for a tribunal from another jurisdiction or venue:

> For purposes of ***cases referred for a tribunal from other trial court departments,*** or the federal courts, the date of docketing of the referral in the Superior Court shall be substituted for the date of filing of the answer. Mass. Super. Ct. R. 73 (l)(a).

As such, where a plaintiff would be required to submit an offer of proof within 15 days of the defendant's answer in Superior Court, a plaintiff who initiated the action in federal court is required to submit an offer of proof within 15 days from entry of the referral on the Superior Court docket. The Massachusetts medical malpractice statute, as cited above, constitutes a substantive rule of law that must be applied in this case. The Nurse Defendants are entitled to the protections

guaranteed under the statute. Additionally, the Plaintiffs would not be prejudiced, as they have yet to serve their Initial Disclosures and would be allowed an additional 15 days from the referral to file the offer of proof. There is no dispute that the claims presented in the instant case fall within the purview of the Medical Malpractice Tribunal, and the statutory language makes the tribunal process mandatory in cases such as this one. Accordingly, the case must be referred to the Superior Court for the purpose of holding a tribunal.

WHEREFORE, for the reasons stated herein, the Defendants, Jacqueline Papachriston, R.N., Cheryl Britt, R.N., Jennifer Farmer, R.N., Patricia Lane, R.N., and Dawn Bellorado, R.N., respectfully request that this matter be referred and removed temporarily to the Essex County Superior Court for the purpose of convening a Medical Malpractice Tribunal.

                                                Respectfully submitted,

                                                The Defendants,
Jacqueline Papachriston, R.N., Cheryl Britt, R.N.,
Jennifer Farmer, R.N., Patricia Lane, R.N., and
Dawn Bellorado, R.N.,
*By Counsel*,

/s/ *Alexander P. Volpe*
J. Peter Kelley, Esq., BBO#559588
Alexander P. Volpe, Esq., BBO#694092
BRUCE & KELLEY, P.C.
20 Mall Road, Suite 225
Burlington, MA 01803
Tel:   (781) 262-0690
Fax:  (781) 229-0383
pkelley@brucekelleylaw.com
DATED: November 4, 2021        avolpe@brucekelleylaw.com

## **CERTIFICATE OF SERVICE**

     I, Alexander P. Volpe, counsel for the Defendants, Jacqueline Papachriston, R.N., Cheryl Britt, R.N., Jennifer Farmer, R.N., Patricia Lane, R.N., and Dawn Bellorado, R.N., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  November 4, 2021               */s/     Alexander P. Volpe*
                                           Alexander P. Volpe, Esq.